1
2
3
4
5
6
7
8
9
10
11
12

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 13  MOPHIE, INC., a California Corporation formerly known as mSTATION Corporation,<br>14<br>15             Plaintiff,<br>16<br>17       vs.<br>18  AZIZ AFZALI, an Individual; SAMEHA AFZALI, an Individual; and DOES 1-10,<br>19  Inclusive,<br>20<br>21             Defendants.<br>22 | Case No.: CV12-09597 SJO (CWx)<br><br>**PERMANENT INJUNCTION AGAINST DEFENDANTS AZIZ AFZALI AND SAMEHA AFZALI** |

23    The Court, pursuant to the Stipulation for Entry of Permanent Injunction
24 ("Stipulation"), and separate Settlement Agreement between Plaintiff MOPHIE,
25 INC. ("Plaintiff"), through its counsel of record, on one hand, and Defendants
26 AZIZ AFZALI and SAMEHA AFZALI (collectively "Defendants"), respectively
27 in Pro Se, on the other, hereby ORDERS, ADJUDICATES and DECREES that a
28 permanent injunction shall be and hereby is entered against Defendants in the

above-referenced matter as follows:

1. **PERMANENT INJUNCTION.** Defendants and any person or entity acting in concert with, or at their direction, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which they may exercise control, are hereby restrained and enjoined, pursuant to 15 *U.S.C.* §1116, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

    a.    copying, manufacturing, importing, exporting, marketing, sale, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of, any Plaintiff's trademarks, copyrights, and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's trademarks or copyrights, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

    b.    performing or allowing others employed by or representing Defendants, or under their control, to perform any act or thing which is likely to injure Plaintiff, any of its trademarks, copyrights, and/or any intellectual property, and/or Plaintiff's business reputation or goodwill, including making disparaging, negative, or critical comments regarding Plaintiff or its products;

    c.    engaging in any acts of federal and/or state trademark infringement, false designation of origin, unfair competition, dilution, copyright infringement, or other act which would tend damage or injure Plaintiff; and/or

    d.    using any Internet domain name, or controlling or operating any website that includes any of Plaintiff's trademarks, copyrights, and/or any intellectual property including the MOPHIE® marks and works.

2. Defendants are ordered to deliver immediately for destruction all unauthorized products, including counterfeit MOPHIE® products and related products, labels, signs, prints, packages, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing any of Plaintiff's trademarks, copyrights, and/or intellectual property or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, to the extent that any of these items are in Defendants' possession.

3. This Permanent Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court.

4. The Court finds there is no just reason for delay in entering this Permanent Injunction and, pursuant to Rule 45(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against Defendants.

5. **NO APPEALS AND CONTINUING JURISDICTION.** No appeals shall be taken from this Permanent Injunction, and the parties waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Permanent Injunction.

6. **NO FEES AND COSTS.** Each party shall bear its/his/her own attorneys' fees and costs incurred in this matter.

IT IS SO ORDERED, ADJUDICATED and DECREED this 22nd day of February , 2013.

*S. James Otero*

_____
HON. S. JAMES OTERO
United States District Judge
Central District of California